JOURNAL ENTRY AND OPINION
This is an appeal from an order of Juvenile Court Judge Joseph F. Russo, granting temporary custody of appellant Stephanie LaClair's three children to the appellee Cuyahoga County Department of Children and Family Services (CCDCFS). LaClair claims that the record does not support the conclusions that: (1) she knowingly, voluntarily, or intelligently stipulated at the predispositional hearing to the CCDCFS's temporary custody; or (2) the children were neglected. Because all of the hearings below were not recorded by adequate means as required by Juv.R. 37, we reverse and vacate the predispositional judgment and reverse and remand the adjudicatory and dispositional judgments.
The record shows that CCDCFS filed a complaint for neglect and temporary custody on February 17, 1999, alleging that in 1997, based upon neglect, it had the temporary custody of Jonathan Kester (d.o.b. 12/23/93) and Richard LaClair (d.o.b. 2/13/96), but that the children were placed back into the home in February 1998 with protective supervision which terminated in August 1998. CCDCFS also alleged that it received another referral in October 1998 when the children had been left alone in a vehicle, and alleged that when a social worker visited the home at 9:45 a.m. on December 18, 1998, she noticed through the open drapes on the first floor the baby, Brandon LaClair (d.o.b. 3/31/98), left unattended in a car seat, and the other children. After knocking on the door for 45 minutes with no response, she contacted the Parma police and continued knocking for another 10-15 minutes when LaClair, who had been sleeping on the second floor, finally came to the door. The CCDCFS also alleged that the children were behind on immunizations and exhibited poor hygiene; that LaClair had no phone and made herself unavailable to CCDCFS services; and that the children's fathers are not consistently supportive of the children. A motion for predispositional temporary custody was filed with the complaint. The matter was set for hearing before Magistrate Dana Chavers on March 2, 1999.
Magistrate Michael Telep presided at the March 2nd hearing, but the entire transcript of the hearing provides nothing more than the identification of counsel and the parties, including Richard LaClair, the father of Richard and Brandon, and David Kester, Jonathan's father. The record also reveals that Stephanie LaClair had received service of the summons just hours before the hearing. The magistrate issued a form decision which, in pertinent part, indicated that (1) reasonable efforts were made to prevent removal and that (2) the parties knowingly, intelligently, and voluntarily stipulated that they did not dispute statements in the affidavit supporting the motion for predispositional temporary custody, as follows:
 to the extent they support a finding that there is reason to believe that the child(ren) is/are in immediate danger from their surroundings, and that taking custody of child(ren) by CFS is necessary to prevent immediate or threatened physical or emotional harm; that continued residence of the child(ren) in the Child(ren)'s current home will be contrary to the Child(ren)'s best interest and welfare.
The March 5, 1999 order granted temporary custody of the three children to CCDCFS pursuant to Juv.R. 40(C)(3)(a)(iv). On May 6, 1999, LaClair filed her objections to the order, arguing that the lack of notice of hearing violated her due process rights.
A hearing was held on June 11 and July 2, 1999 before Magistrate William F. Fraunfelder. Although the record does not contain a transcript of that hearing, the file contains documents titled Supplemental Report of Referee dated June 11 and July 2, 1999 (sansa file stamp) and Narrative Statement of Proceedings,[1] filed September 6, 2000 and signed by both the judge and the magistrate. In an order dated July 2, 1999, the magistrate found the following: (1) the necessary parties were present with counsel and notice requirements were met; (2) the complaint was read in open court; and (3) the magistrate explained legal rights, procedures, and consequences of the hearing pursuant to Juv.R. 29 and R.C. 2151.35. The order also provided: The magistrate heard evidence and testimony. The Magistrate finds that the allegations of the complaint have been proven by clear and convincing evidence. The children are found to be neglected. The judge approved the order and it was journalized on August 23, 1999.
The dispositional hearing originally set for July 21, 1999 was continued to September 9, 1999. At that hearing, before Magistrate Mark R. Majer, LaClair again filed her objections to the March 2nd hearing. A social worker, a social service manager, LaClair, David Kester, and Dawna and Dennis Kennedy, LaClair's parents, testified through various gaps and inaudible portions of the tape. The magistrate rendered his decision on October 7, 1999, to which LaClair filed objections on October 12, 1999, but which the judge adopted on October 22, 1999. In that order, journalized November 15, 1999, the magistrate set forth his findings of fact and conclusions based upon those facts, placing the children in the temporary custody of CCDCFS.
On November 15, 1999, the judge overruled all objections filed regarding the March 2nd hearing; however, in a memorandum order, he noted that in the interests of justice [this court] will not rule on the objections until a full transcript of the evidence is obtained and reviewed by this court. Magistrate's order [sic] of 9-9-99 and 7-2-99 is to be transcribed and submitted to this court forthwith. On February 17, 2000 the judge overruled all objections regarding the June and July 1999 adjudicatory hearings and the September 1999 dispositional hearing.
LaClair asserts in her second and fourth assignments of error:
 II. APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN THE MAGISTRATE FAILED TO ISSUE ANY FINDINGS OF FACT CONCERNING THE DETERMINATION ON THE COMPLAINT FOR TEMPORARY CUSTODY.
 IV. APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN THE CHILDREN WERE FOUND TO BE NEGLECTED CHILDREN.
LaClair claims that: 1) the magistrate conducting the June 11th and July 2nd adjudicatory hearings issued a deficient report which did not comply with Juv.R. 40 because it did not contain any findings of fact or conclusions of law; 2) no one timely ruled on her objections to those hearings; and 3) the magistrate at the dispositional phase did not have the benefit of sitting through the adjudicatory phase and claims that the purported facts contained in the dispositional phase report have neither support in the record nor support for placing the children in the care of CCDCFS.
CCDCFS counters that the objections need not have been ruled on in the first instance because LaClair failed to provide either a transcript of the hearing or affidavit of facts with her objections as required by Juv.R. 40(E) and that service of these objections was insufficient because, even though the proof of service indicates that she served the prosecuting attorney, she did not serve them upon all of the parties. The CCDCFS also claims that the magistrate ordered transcripts of the relevant proceedings.
R.C. 2151.35 provides for a bifurcated hearing process in juvenile custody matters. See R.C. 2151.28 (adjudicatory hearing); R.C. 2151.353
(disposition of abused neglected or dependent child). Pursuant to division (A), [i]f the court at the adjudicatory hearing finds from clear and convincing evidence that the child is an abused, neglected, or dependent child, the court shall proceed * * * to hold a dispositional hearing and hear the evidence as to the proper disposition to be made under section 2151.353 * * *, which includes, inter alia, temporary custody with the public children services agency. Division (B)(1) further provides that the judge shall not issue a dispositional order until after the separate dispositional hearing. These hearings must be recorded. As Juv.R. 37(A) states,
 [t]he juvenile court shall make a record of adjudicatory and dispositional proceedings in abuse, neglect, dependent, unruly, and delinquent cases; permanent custody cases; and proceedings before magistrates. In all other proceedings governed by these rules, a record shall be made upon request of a party or upon motion of the court. The record shall be taken in shorthand, stenotype, or by any other adequate mechanical, electronic, or videorecording device. [Emphasis added.] Both transcripts provided to this court are incomplete: the
March 2, 1999 transcript ends where the audiotape ends — upon identification of the parties and counsel. The September 9, 1999 transcript contains both gaps in testimony and portions where the audiotape was indecipherable. We note that, without objection from CCDCFS, this court granted LaClair's motions to extend time to file the record due to missing and/or blank recording tapes. Given the lack of transcript(s) for the June 11 and July 2, 1999 adjudicatory hearing, it appears that the tape(s) for those hearings are missing. Upon review we conclude that the juvenile court records of the various hearings were not taken by adequate mechanical, electronic, or videorecording devices and that such failure to follow the requirements of Juv.R. 37, as amended July 1, 1996, mandates reversal. In re Clayton (Nov. 9, 2000), Cuyahoga App. No. 75757, unreported, and cases cited therein; accord In re Henderson (Mar. 8, 2001), Cuyahoga App. No. 76695, unreported, quoting In re Mason (July 13, 2000), Cuyahoga App. No. 76532, unreported. LaClair's second and fourth assignments of error are sustained.
The first and third assignments of error state:
 I. APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN THERE WAS NO MEANINGFUL OPPORTUNITY FOR A HEARING[2] NOR A KNOWING AND INTELLIGENT WAIVER OF HER RIGHTS AT THE INITIAL HEARING ON MARCH 2, 1999.
 III. APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT DID NOT SET ASIDE THE MAGISTRATE'S PRETRIAL ORDER OF MARCH 5, 1999.
LaClair argues that she was denied due process of law, and appeared at the March 2, 1999 hearing without counsel, because she had received notice of the predispositional hearing only hours earlier. She also claims that nothing in the transcript of that hearing showed that she knowingly, voluntarily and intelligently relinquished custody of her children to CCDCFS or waived her right to counsel. She contends that the public defender improperly represented both parents at the hearing which, she asserts, contributed to the continued denial of her due process rights and relieved her of the duty to file the transcript with her objections.
The CCDCFS counters that the failure to file a full transcript of the hearing prevents this court's review of the claims of error. Moreover, it contends that LaClair's objections to the magistrate's decision were untimely and that the record contains enough to show she was not denied due process of law since notice of the hearing was properly served and she was represented by an attorney from the public defender's office.
We noted above that the testimony in the March 2, 1999 hearing, which purportedly set forth the stipulation to the allegations in the complaint, was not taken by adequate means. In light of our disposition above, there is nothing of record to support the existence of the purported stipulation. LaClair's procedural due process arguments are rendered moot pursuant to App.R. 12(A)(1)(c).
The March 5, 1999 predispositional order is reversed and vacated, and both the February 17, 2000 orders overruling objections to the magistrate's adjudication of neglect and dispositional order of temporary custody are reversed and remanded for further proceedings consistent with this opinion. Emergency temporary custody is reinstated pending further proceedings.
It is ordered that the appellant recover from the appellee her costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Juvenile Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ____________________ ANNE L. KILBANE, J.:
TIMOTHY E. McMONAGLE, P.J., CONCUR; JAMES D. SWEENEY, J., CONCURS IN JUDGMENT ONLY WITH SEPARATE OPINION
[1] The praecipe indicates that the record in this appeal includes only a complete transcript under App.R. 9(B). We make no determination as to whether this document satisfies App.R. 9(C) or whether it was properly filed.
[2] We also point out that the magistrate or judge presiding at the adjudicatory hearing shall, if possible, preside at the dispositional hearing. R.C. 2151.35(B)(2)(a). Given the lack of adequate record of the adjudicatory hearing, the fact that a different magistrate presided at the dispositional hearings further frustrated the purpose of Juv.R. 37.